IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | DOCKET No.3:12-CR-68 |
| ) | |
| JONATHAN DAVEY ) | |
|     Defendant. ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
FIRST MOTION IN LIMINE**

    NOW COMES JONATHAN DAVEY, by and through Dianne Jones McVay, Attorney for Defendant, in the above entitled and numbered cause, and files the following response to the Government's Motion and reserves the right to present case law in support of her responses:

    While the Government purports that Davey opposes each ruling requested by their motion. That is incorrect. The government requested counsel's position with regard to the motion prior to the December trial date. At that time, counsel had not reviewed all the evidence and was unable to enter into any agreement. Since then, the Government has made no effort to readdress these issues prior to

filing this motion. Now that counsel has had sufficient time to review the evidence she files the following response:

I. Defendant Agrees to the following:

   a. The Court should Preclude Evidence and Argument Regarding a "Following Orders" Defense. (Gov. III.)

   b. The Court should Preclude Argument or Evidence about the Potential Consequences or Penalties Upon Conviction. (Gov. IV.)

   c. The Court Should Preclude Argument of Evidence about the Potential Impact of Conviction on Defendant's Families. (Gov. V.)

   d. The Court Should Preclude Evidence and Argument Regarding Specific Instances of Good or Lawful Conduct. (Gov, VII.)

   e. The Court Should Preclude Any Witness Other than the Defendant from Testifying about the Defendant's Mental State or Knowledge. (Gov. XIV)

However, witnesses should be able to testify as to their observations of the Defendant.

II. Defendant Davey has a 6th Amendment Constitutional right to confront the charges made against him.

   a. The Court Should Preclude Reference to the CFTC (Gov I.)

FACTS

In the government's indictment it mentions the CFTC in paragraph

73, 86, 88, and 112 (c). In Paragraph 112 the government states that on December 18, 2009, Davey:

    a. Disclosed to victims that Simmons had been arrested by the FBI.

    b. Disclosed to victims that DCS had over the past two years "moved all of our funds in Black Diamond"

    c. Admitting knowing about the CFTC investigation, but claimed that it had appeared to DAVEY "that the CFTC was focused on the illegal activity" of two of DAVEY's other previous investments, rather than Black Diamond.

This statement was made more than two years prior to Davey's prosecution and was included in the government's indictment. As such, the CFTC is relevant to Mr. Daveys defense in accordance with Rule 401. Furthermore, should Mr. Davey choose to testify he should be able to discuss the CFTC's investigation with regard to his state of mind and any action or inaction he took as a result of this information[1].

    b. The Court Should Bar Reference to this Court's Asset-Related Orders and Statements about Victim's Supposed Financial Incentive in the Outcome of the Trial (Gov II.)

Defendant Davey agrees that no questions should be asked of the Victims' about their supposed financial incentive in the outcome of the trial. However,

---

[1] Please note counsel has chosen not to address the allegations mentioned by the government but will be happy to address them in court and would request that the government produce said witness.

Defendant Davey should be allowed to discuss the Court's Asset Related Order for the following reasons:

1. Davey's attempt to return 3.6 million dollars of Divine Circulation Services' client funds is relevant and addresses the material issue of intent; therefore it should be admitted at trial.

2. Additionally the government successfully stopped the return of the funds. Therefore, this information mitigates any alleged loss amount of the victims.

III. Government's witnesses.

    a. The Court Should Preclude Argument of Evidence about any Victim's Lack of Actual or Subjective Reliance on Misrepresentations. (Gov. III)

    b. The Court Should Preclude Argument about any Victim's Lack of Diligence or Purported Negligence (Gov. IV)

The Defendant has no intention of putting on "a blame the victim defense". However, the alleged victims entered a contractual relationship with Mr. Davey by signing shareholder agreements. Therefore, counsel should be able to cross examine the witnesses about the documents they signed. Counsel should also be able to inquire as to whether or not they read the documents and how they decided to invest or not to invest with Mr.

4

Davey. The answers to the questions are relevant and material to the case at hand.

IV. FBI Statements

The Court Should Preclude Defendants from Publishing or Otherwise Suggesting that Agent Interview Reports are the Statement of Witnesses (Gov. XIII)

Counsel agrees the statements represent the agent's memory of the conversation. However, counsel should be allowed to ask the witnesses about such statements in good faith. Should the witness deny making the statement, Counsel agrees she cannot impeach the witness with the agent's statement and would not attempt to do so.

V. Co-Defendant' Convictions, Sentences and Plea Agreements

    a. The Court Should Exclude Evidence and Argument Relating to Simmons's and Other Conspirator's Convictions and Sentences (Gov. 10)

    b. The Court Should Preclude Argument about Government Decision about whom to prosecute, and what Plea Agreement to Enter (Gov. 11)

Counsel should be allowed to cross examine the government witnesses with regard to their convictions and/or whether they received immunity from prosecution. This information goes directly to the witnesses

credibility. Furthermore, counsel should be allowed to cross examine the witness in reference to any hope they may have to receive a downward departure or benefit from their testimony. All such questions will assist the jury in determining the credibility of the government's witnesses.

VI. Co-Conspirator Out of Court Statements

> The Court Should Preclude Any Defendant from Introducing His Own, or Co-Conspirators Out of Court Statements (Gov. 18)

The defense agrees the statements are not admissible on its face. However, the statements may be admissible for numerous reasons to include: impeachment, prior inconsistent statement, statement against interest, or other hearsay exceptions. As such, Counsel should be able to refer to the statements during the course of the trial if they are relevant.

VII. Defendant has a Constitutional right to defend himself and share his religious beliefs with regard to his decision making process etc.

> The Court Should Preclude Argument or Evidence about Defendants' Religious Beliefs or Practices. (Gov. XI)

Defendant and his witnesses should be allowed to discuss their faith as long as it is relevant to why they made certain decision or develop certain relationships, etc.

For the foregoing reasons, Defendant Davey request the court deny the Government's motion to in limine regarding (1) the CFTC, (2) this Court's asset-related orders and CFTC requests for same, (3) any victims' lack of actual or subjective reliance on misrepresentations; (4) any victim's lack of diligence or purported negligence; (5) Simmons' and other conspirators' convictions and sentences; (6) governmental decisions about whom to prosecute, and what plea agreements to enter; (11) the defendant's religious beliefs or practices; (12) the defendants' or their conspirators out-of-court-statements; or in the alternative she is requesting that a hearing be held with regard to these issues and that she should be granted additional time to file any case law in support of this response.

This the 25th day of January, 2013

                                          Respectfully submitted,

                                          /s/Dianne Jones McVay
                                          Dianne Jones McVay
                                          Attorney for Defendant
                                          NC State Bar #41778
                                          8301 University Executive Park Drive, Suite 170
                                          Charlotte, North Carolina 28262
                                          (704) 595-1741 Telephone
                                          (704) 595-9141 Facsimile

h7

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following individuals by electronic filing:

Kurt Meyers
Kurt.meyer@usdoj.gov

Mark Odulio
Mark.odulio@usdoj.gov

This the 25th day of January, 2013.

/s/Dianne Jones McVay
Dianne Jones McVay
Attorney for Defendant
NC State Bar #41778
8301 University Executive Park Drive, Suite 170
Charlotte, North Carolina 28262
(704) 595-1741 Telephone
(704) 595-9141 Facsimile

h8