FROM: 27328058 DAVEY, JONATHAN D
TO:
SUBJECT: Request for Reconsideration
DATE: 06/30/2020 11:03 PM

FILED
CHARLOTTE, NC

JUL 13 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

United States District Court
Western District of North Carolina, Western Division
401 West Trade Street
Clerk Room 210
Charlotte, NC 28202

Re: REQUEST FOR RECONSIDERATION OF EMERGENCY MOTION DENIAL
    Case: 3:12-cr-00068-RJC-DSC

To the Honorable Judge Robert J. Conrad, Jr.

Petitioner, Jonathan Davey, has filed a Reconsideration Request to the Denial of his Emergency Motion due to the COVID-19 pandemic to reduce his sentence pursuant to 18 USC Sec. 3582(c)(1)(A)(i) or, in the alternative, for imposition of a reduced sentence pursuant to Section 404 of the First Step Act, or home confinement.

I. Administrative Exhaustion can be waived in light of the Pandemic.

Davey has made three separate requests to Mark Williams, FCI-Elkton Warden, to be released to home confinement. On March 27, 2020 Davey sent his first request (see Attachment B) to the warden based upon the memo by Attorney General William Barr directing the BOP to release qualifying inmates to home confinement. After waiting one week with no response, Davey sent another request on April 5, 2020 to the warden (see Attachment C). On April 23, 2020 Mr. Williams denied Davey's request stating, "you do not meet the criteria for placement in home confinement under the CARES Act due to you have not (sic) served at least 50% of your sentence." Davey immediately responded to the warden stating that the 50% sentence completion was no longer required. Mr. Williams responded on April 28, 2020 that Davey could appeal the warden's decision through the Administrative Remedy Program. On May 29, 2020, Davey requested reconsideration of home confinement to Warden Williams (see Attachment D) through the avenues available to him (i.e. The First Step Act, The CARES Act, or Compassionate Release). The Warden has not responded at the time of this writing.

Because it has been over 2 months since Davey's first request to the warden was denied, and over 30 days since the Warden failed to respond to Davey's request for reconsideration, and because of the pandemic's continued spread, Davey now petitions this Court for reconsideration and relief.

II. The COVID-19 pandemic is compelling and extraordinary.

FCI-Elkton remains ground-zero for the COVID-19 pandemic. The BOP staff is incapable of protecting inmates from this highly contagious disease and there is no way to socially distance. Assistant Warden Faulkner told Davey that the only place that they would send him to achieve social distancing would be up to a medium-security prison. Although Davey's housing unit has been in quarantine for months, inmates are constantly moved out of his housing unit after testing positive for the virus. The amount of cross-contamination by staff moving between the quarantined units has allowed the virus to leap from those units quarantining positive inmates to those units quarantining negative inmates. The staff's lax regard for inmate segregation is also a contributing factor to the viruses prevalence. The level of incompetence that Davey has observed is staggering and Davey sees no end in sight for FCI-Elkton being able to bring the pandemic under control.

Davey has also recently learned directly from staff that they have never been actually tested for COVID-19. They have only received temperature checks and inquiries about "how they feel". This recent revelation contradicts what the BOP has reported to news outlets, inmates, and others. On the other hand, Davey has been tested twice with a nostril swap test and, miraculously, has tested negative both times for the virus. However, without staff tests, the BOP has no real intention of solving this crisis.

Even with the Court (referring to the ACLU case against FCI-Elkton) ordering further virus testing and the identification of vulnerable inmates, it is difficult to trust any information that emerges from FCI-Elkton. Just last month, Warden Williams notified Judge Colin Bruce that inmate Michael Brookwalter, serving a term of 210 months of imprisonment at Elkton, died of "natural

causes" (see Exhibit E - Letter from Warden to Judge Bruce). The letter made no mention of COVID-19. However, upon further investigation, Mr. Brookwalter did NOT die of natural causes; he in fact died hooked up to a ventilator after a month of battling the coronavirus (see Exhibit F - BOP Press Release). It is shocking that the warden of a BOP facility would misrepresent this information to a Federal District Judge, yet the evidence is here in black and white.

The CDC has recently updated their COVID-19 guidelines and walked back the "65 and over" age factor noting that a person of any age can contract the virus and the infection gets worse as people age. The new guidance also specifically lists high-blood pressure as a risk factor (of which Davey suffers from) as well as a revised Body Mass Index (BMI). A male over 50, 6 feet tall, and weighing 225 pounds is at a heightened risk. Davey is 56, 6 feet tall, and 235 pounds. Davey also has had his chronic care visits to his dermatologist for skin cancer treatments suspended due to the BOP quarantine. Davey has been under treatment for this cancer for the past 15 years. Since the quarantine in March, the recreation area has been closed and Davey has no way of exercising in the units without negatively affecting other inmates. Davey is already at an elevated risk for contracting Diabetes, which runs in his family, and is being monitored as part of his annual checkup. Without exercise, the risk for Diabetes dramatically increases. Although the BOP has reported that inmates receive an hour of exercise outside, this is a lie. There are no exercise facilities or equipment available to inmates.

III. Considerations for Home Confinement.

The government's concern that Davey poses a threat to society is unreasonable. None of Davey's charges involved violence, he poses no threat to re-violate, and had no criminal record prior to his trial in 2013. Davey lists the following qualities for this court to consider:
1) The history and characteristics of this petitioner and the need to provide medical care in the most effective method are consistent with either a sentence reduction or home confinement.
2) Davey is 56 years old, is minimum security, and has never had a rule infraction or incident report during his entire imprisonment.
3) Davey has zero points in the BOP's BRAVO custody/security system and his score of -1 is one of the lowest - if not the lowest - at FCI-Elkton.
4) Davey's PATTERN score is the lowest possible (Minimum; with a technical score below zero). This recidivism score indicates that Davey is a prime candidate to be moved from prison to home confinement or supervised release.
5) Davey has completed 31% of his sentence with good time.
6) Davey is one of the 14 inmates who serve in the Suicide Watch Companion Program. This select group is entrusted by Elkton staff to watch, encourage, and document those inmates placed on suicide watch. A clean record and favorable recommendations are necessary for placement in this program. Davey has seen an uptick in the program's activity recently as the pandemic seems to have caused a high degree of anxiety.
7) Davey has taught a weekly bible study in the chapel for close to two years (although it has been suspended due to the Chapel's closure). Chaplain Culp of Elkton has stated that this rare privilege has been granted to Davey because of the way he carries himself and interacts with both the staff and inmates alike. Davey encourages this court to contact Chaplain Culp directly.
8) Davey's re-entry plan will place him in his family's home. If he is allowed to work, he will be able to continue making restitution payments. In fact, during the 2 year period between his conviction in 2013 and sentencing hearing in 2015, Davey was employed, was not electronically monitored, and faithfully checked in with his pre-sentencing officer each month without incident.

These eight factors should give the court comfort that Davey is not a threat to society nor will engage in any criminal activity. While Davey's incarceration began in 2015, Davey's life was immeasurably turned upside down in 2009 and has suffered much for the past 11 years.

Davey realizes that this Court is not prone to granting sentence reductions and thus Davey appeals to the Court to grant compassionate release and resentence him to home confinement.

Respectfully Submitted on: July 3, 2020

Jonathan Davey, pro se
Reg.#: 27328-058
FCI Elkton, OH
PO Box 10
Lisbon, OH 44432

FROM: 27328058 DAVEY, JONATHAN D
TO: Warden
SUBJECT: ***Request to Staff*** DAVEY, JONATHAN, Reg# 27328058, ELK-C-B
DATE: 03/27/2020 07:29 AM

To: Warden
Inmate Work Assignment: Orderly

Please see my qualifications below for consideration of Home Confinement

Thank you,
Jonathan Davey
-----DAVEY, JONATHAN D on 3/27/2020 7:27 AM wrote:

\>

RE: Home Confinement Release

Yesterday Attorney General Barr directed the BOP to release qualifying inmates to home confinement. He said that the BOP should focus on Minimum AND Low security prisons. He also said that low-level, non-violent inmates qualify for consideration.

Please consider the qualifiers:
1) My PATTERN Score = MINIMUM
2) I am not a sex offender
3) I have no any gang affiliation
4) I have no incidents/infractions on my record
5) I have been serving on the select team of Suicide Watch Companions
6) I am over 55
7) I am being treated for High Blood Pressure, Cholesterol, and Skin Cancer

Thank you,
Jonathan Davey

TRULINCS 27328058 - DAVEY, JONATHAN D - Unit: ELK-C-B

---

FROM: Warden
TO: 27328058 DAVEY, JONATHAN D
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/28/2020 04:52 PM

If you wish to appeal this decision, you may do so through the Administrative Remedy Program.

>>> ~^!"DAVEY, ~^!JONATHAN D" <27328058@inmatemessage.com> 4/23/2020 8:19 PM >>>
To: Mr. Williams
Inmate Work Assignment: Orderly

Dear Mr. Williams,

Per an article in today's Wall Street Journal (4/23/20, Section A, Page 3), the DOJ has revised its criteria for home confinement and no longer requires a candidate for home confinement to have completed 50% of their sentence. In light of this policy change, please reconsider your position and allow me to be placed on home confinement.

Respectfully,
Jonathan Davey
-----Warden on 4/23/2020 10:42 AM wrote:

>

You do not meet the criteria for placement on home confinement under the CARES Act due to you have not served at least 50% of your sentence.

>>> ~^!"DAVEY, ~^!JONATHAN D" <27328058@inmatemessage.com> 4/5/2020 10:52 AM >>>
To: Mr. Williams
Inmate Work Assignment: Orderly

Mr. Williams,

I put forth the reasons I qualify for immediate home confinement under AG Barr's directive:
1) I am over 55
2) I have zero points in the system
3) I have no incidents/infractions on my record
4) I have a PATTERN score of MINIMUM
5) I have a white-collar crime

These factors prove that I will not be a threat to society and will continue to follow the laws of the land. I appreciate your consideration for immediate release.

Also, you are releasing inmates who did not qualify for camp yet I qualify for camp except that my prison term is over 10 years. However, I am a lesser threat to society than some of these inmates already released and who have just as long a remaining sentence as I do.

Respectfully Submitted,
Jonathan Davey

FROM: 27328058 DAVEY, JONATHAN D
TO: Warden
SUBJECT: ***Request to Staff*** DAVEY, JONATHAN, Reg# 27328058, ELK-C-B
DATE: 05/29/2020 10:07 AM

To: Mr. Mark Williams
Inmate Work Assignment: Orderly

Warden Williams,   May 29, 2020

I again request release to home confinement per the avenues available to you (i.e. First Step Act, Compassionate Release, or the Cares Act). Since my earlier request on 3/27/20 and 4/5/20, there has been no change in the inmates ability to social distance.

Just 3 days ago was I finally tested for the COVID-19 test even though this pandemic has been raging at Elkton since March 2020. We are not being separated from other potentially infected inmates. Further, of the list of 837 inmates submitted by your staff in response to the ACLU lawsuit, I know of many in my unit who are on the list and have not been quarantined, processed, or even counseled.

Further, my hypertension is a risk factor that has been noted by the CDC has being susceptible to COVID-19 but I was not on the list mentioned above.

I am not a risk to society. My crime is financial - not violent. My BRAVO score is zero, my PATTERN score is zero, and I've never even had an infraction during my time in the BOP. I'm on the Suicide Watch Companion program and teach a bible study in the chapel. Additionally, although the First Step Act would significantly reduce the amount of time I have to spend here at Elkton, your staff has not made a single qualifying program available to me yet. Therefore the avenues that could be provided to me for shortening my time at Elkton are not being provided.

Therefore, due to the inability to social distance and the high level of infection here, I again ask to be released on home confinement.

Respectfully,
Jonathan Davey

Exhibit E



U. S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Institution*

Elkton, Ohio 44415

May 8, 2020

The Honorable Colin S. Bruce
District Judge
Central District of Illinois
218 U.S. Courthouse
201 S. Vine Street
Urbana, IL 61802

Re: BROOKWALTER, Michael Lee
    Reg. No. 37503-298
    Docket No. 2:13CR20015-001

Dear Judge Bruce:

We regret to inform you, Michael Lee Brookwalter, an inmate at this institution, died on May 8, 2020. Inmate Brookwalter was a 56 year-old federal offender sentenced in the Central District of Illinois on May 14, 2014 to a term of 210 months for Sexual Exploitation of a Minor, and Enticement of a Minor.

On May 8, 2020, at 1:43 a.m., inmate Brookwalter was pronounced dead at Salem Community Hospital in Salem, Ohio. He died of natural causes.

If you have any questions regarding inmate Brookwalter's death, please do not hesitate to contact me.

Sincerely,

Mark K. Williams
Warden


cc: John C. Milhiser, U.S. Attorney
    Central District of Illinois

    Michael T. Martens, CUSPO
    Central District of Illinois

    David Paul, Regional Director
    Northeast Regional Director



U.S. Department of Justice
Federal Bureau of Prisons

FOR IMMEDIATE RELEASE
May 8, 2020

Contact: Office of Public Affairs
202-514-6551

### Inmate Death at FCI Elkton

WASHINGTON, D.C.: On Monday, April 6, 2020, inmate Michael Brookwalter reported to the Health Services Department at the Federal Correctional Institute (FCI) Elkton, in Lisbon, Ohio. Mr. Brookwalter was evaluated by institutional medical staff and treated for a fever and low oxygen saturation. Mr. Brookwalter was transported to a local hospital for further treatment and evaluation. While at the local hospital, Mr. Brookwalter tested positive for COVID-19. On Wednesday, April 8, 2020, he was placed on a ventilator. On Friday, May 8, 2020, Mr. Brookwalter, who had long-term, pre-existing medical conditions, which the CDC lists as risk factors for developing more severe COVID-19 disease, was pronounced dead by hospital staff.

Mr. Brookwalter was a 56 year-old male sentenced in the Central District of Illinois to a 210 month sentence for Sexual Exploitation of a Minor and Enticement of a Minor. He had been in custody at FCI Elkton since September 18, 2018.

FCI Elkton is a low security facility that currently houses 1961 male offenders, with an adjacent Federal Satellite Low which currently houses 406 low security male offenders.

The Bureau of Prisons will continue to provide daily updates and information on actions related to COVID-19 at www.bop.gov/coronavirus/index.jsp.

Additional information about the bureau of Prisons can be found at www.bop.gov.

###